SUSAN P. VANDERBURGH,

    Plaintiff,

   v.

GOLDEN EMPIRE MORTGAGE dba GEM CAPITAL FUNDING and EMC MORTGAGE CORPORATION,

    Defendants.
                                      /

No. C 09-01361 CW

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RELIEF FROM JUDGMENT

    Plaintiff moves for leave to file a motion for reconsideration of the Court's March 19, 2010 Order dismissing this case with prejudice and to set aside that Order. Because a motion for reconsideration applies to orders issued before the entry of final judgment, see Civil L.R. 7-9, Plaintiff's motion is construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).

## BACKGROUND

    On September 30, 2009, the Court issued an Order dismissing Plaintiff's complaint with leave to amend within three weeks from the date of the order. Plaintiff did not file an amended complaint

within the three week period.  On November 5, 2009, Defendant EMC Mortgage Corporation (EMC) filed, under Federal Rule of Civil Procedure 41(b), a motion to dismiss the complaint with prejudice on the ground that Plaintiff had failed to comply with an order of the Court.  On November 25, 2009, the Court issued an Order granting EMC's motion to dismiss.  On the same date, judgment was entered in favor of EMC and against Plaintiff.

On December 9, 2009, Plaintiff filed her first motion for reconsideration and to vacate the November 25, 2009 Order and Judgment.  Plaintiff indicated that, due to faulty mail service, she did not receive the Court's September 30 and November 25 Orders and only became aware of them when she used a friend's account to access the Court's electronic case filing (ECF) system.  Plaintiff also moved for access to the Court's ECF system.  On February 9, 2010, the Court granted Plaintiff's motion for relief from judgment with leave to file an amended complaint within three weeks from the date of the Order.  The Court also granted her motion for permission to use the ECF system.  The Court mailed these Orders to Plaintiff at an address in San Diego, California that was on file with the Court.  On February 16, 2010, the mail was returned as undeliverable.  On February 17, 2010, the Court re-mailed the Orders to an address in Escondido, California, that appeared on one of Plaintiff's briefs.  Plaintiff did not file an amended complaint within the required time period.  On March 19, 2010, the Court issued on Order dismissing the case with prejudice.

Plaintiff moves for relief from judgment a second time on the grounds that: she did not know mail was being sent to her San Diego address, her husband has been ill, she is the sole caretaker of her

2

four children and there is new evidence in that Defendant EMC has filed a notice of default against the property at issue.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that, "upon such terms as are just," a court may relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; (6) any other reason justifying relief from operation of the judgment.

Fed. R. Civ. P. 60(b).

## DISCUSSION

Plaintiff's arguments are unavailing. That she was unaware that the Court had sent her mail is not excusable, in light of the fact that this is what gave rise to the first dismissal of her complaint. As discussed above, Plaintiff filed her first motion for relief from judgment on December 9, 2009, arguing that she failed to comply with the Court's order because she had not received the Court's mail. She filed her reply to that motion on December 31, 2009. After her motion was fully briefed, she should have been expecting the Court to rule on it. Given her past history of not receiving mail, Plaintiff should have taken action to ensure that it would not occur again. However, she did not do so. Plaintiff submits that she changed her address, but was too busy to file a notice of change of address with the Court. However, under Civil Local Rule 3-11, a party proceeding pro se has a duty to "promptly file with the Court and serve upon all opposing

3

parties a Notice of Change of Address."

On February 17, 2010, the day after the Court's mail to Plaintiff was returned as undeliverable, the Court re-mailed its Orders to an address that appeared in the caption of one of Plaintiff's pleadings, which she now indicates is her current address. See Docket # 46. This mailing was not returned to the Court. Plaintiff failed to respond to this mailing and does not explain why she did not do so. She also does not explain why she did not check on the status of her motion. Two months after the Court's second mailing, Plaintiff filed a notice of change of address and this second motion for relief from judgment. However, this second delay is inexcusable and is insufficient grounds for vacating the judgment a second time.

Plaintiff's argument that there is new evidence is misplaced. She appears to believe that EMC's recording of a notice of default against her real property was wrongful because it was done while this case was pending, that is, before the Court issued the March 19, 2010 Order dismissing her case. However, Plaintiff never requested, nor did the Court issue, an injunction preventing the filing of a notice of default. In fact, the only substantive ruling in this case was the September 9, 2009 Order dismissing all of Plaintiff's causes of action with instructions for remedying their deficiencies, if Plaintiff truthfully could do so. Because Plaintiff never filed an amended complaint, she has not stated any cognizable claims against EMC. Therefore, the fact that this case was pending did not preclude EMC from filing a notice of default. Nor does the filing of a notice of default change the fact that Plaintiff has not stated any claim upon which relief may be

4

granted.

CONCLUSION

Accordingly, Plaintiff's motion for relief from judgment is denied.

IT IS SO ORDERED.

Dated: July 28, 2010

CLAUDIA WILKEN
United States District Judge